UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY PHILLIPS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-3378 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding through counsel. Plaintiff's motion to remand is before the Court. As set forth below, the Court recommends that plaintiff's unopposed motion to remand be granted.[1]

I. BACKGROUND

　　　　This action was originally filed in the Sacramento County Superior Court, <u>Christy Phillips v. State of California</u>, No. 24-cv-018638; the original complaint raised claims for relief under the Eighth Amendment and California state law. (ECF No. 1 at 7-30.) On December 3, 2024, the State of California and the California Department of Corrections and Rehabilitation ("CDCR") filed a notice of removal under 28 U.S.C. § 1441(a). (<u>Id.</u> at 1-3.) In their notice of removal, such defendants noted that originally named Central California Women's Facility is not a separate

---

[1] In light of the statement of non-opposition (ECF No. 7), no oral argument is necessary and the February 11, 2025 hearing before this Court is vacated.

1

entity capable of being sued in its own capacity, and there was no record that the only named individual defendant, Officer Hall, had been served. (ECF No. 1 at 2, n.1.) The Court record reflects no proofs of service or executed summons filed since defendants removed the action to this Court.

On December 27, 2024, plaintiff filed a first amended complaint. (ECF No. 5.) Plaintiff removed the Eighth Amendment claims, and now seeks relief only under California state law. (Id.)

On January 2, 2025, plaintiff filed a motion to remand this action back to state court, and noticed the motion for hearing on February 11, 2025 before the undersigned. (ECF No. 6.) On January 10, 2025, defendants State of California and CDCR filed a statement of non-opposition to the motion for remand. (ECF No. 7.) On the Court's own motion, the February 11, 2025 hearing is vacated and the matter is submitted on the record and briefs. See L.R. 230(g).

II.     LEGAL STANDARDS

A defendant may remove to federal district court any action brought in state court over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all actions presenting a "federal question"—e.g., actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

In a case removed from state court, district courts have discretion to exercise supplemental jurisdiction over the remaining pendent state claims. Carlsbad Tech. Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009). "Dismissal of the federal claims does not deprive a federal court of the power to adjudicate the remaining pendent state claims." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir. 1990) (citation omitted). "[A] federal court should consider

and weigh in each case . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (citation omitted). District courts may dismiss the claims or remand them to state court, considering the "values of economy, convenience, fairness, and comity." Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks and citations omitted).

III.    DISCUSSION

It is undisputed that at the time defendants State of California and CDCR removed this case to federal court, this Court had jurisdiction over plaintiff's Eighth Amendment claims, and supplemental jurisdiction over plaintiff's state law claims, which were based on the same incidents as her federal law claims. On December 27, 2024, plaintiff filed an amended complaint, voluntarily deleting her federal claims, leaving only state law claims in the case. Defendants State of California and CDCR do not oppose the remand.

As argued by plaintiff, she moved expeditiously to amend her complaint and seek remand. (ECF No. 6 at 8.) This action was removed on December 3, 2024; plaintiff filed her amended complaint less than a month later, and sought remand shortly thereafter. See Carnegie-Mellon Univ., 484 U.S. at 346, 357 (remand appropriate where plaintiff moved for remand six months after case removed to federal court). Considerations of judicial economy and convenience also support remand. No substantive or dispositive rulings have issued in this case. Cf. Pantazis v. Fior D'Italia, Inc., 1994 WL 519469, at *3 (N.D. Cal. Sept. 20, 1994) (where a motion to dismiss the action in its entirety was fully briefed and ready for a decision, district court found considerations of judicial economy and convenience weighed against remand). Finally, comity with state courts also supports remand because all federal law claims have been deleted from the operative pleading, and only state law claims remain. See Carnegie-Mellon Univ., 484 U.S. at 350 & n.7 ("when the federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain,. . . the federal court should decline the exercise of jurisdiction.")

Upon considering judicial economy, convenience, fairness, and comity, the Court finds it would be inappropriate to retain jurisdiction over these remaining state law claims. Therefore,

the Court recommends that the district court decline to exercise supplemental jurisdiction over the state law claims in this action, and remand this case to the Superior Court of California, County of Sacramento, Christy Phillips v. State of California, No. 24-cv-018638. See Carnegie-Mellon Univ., 484 U.S. at 357 ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

III.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case; and
2. The February 11, 2025 hearing before the undersigned is vacated and plaintiff's motion to remand (ECF No. 6) is submitted on the record and briefs.

Further, IT IS RECOMMENDED that:

1. The district court decline to exercise supplemental jurisdiction over the remaining state law claims in this action.
2. Plaintiff's unopposed motion to remand (ECF No. 6) be granted, and the case be remanded to the Superior Court of California, County of Sacramento, Christy Phillips v. State of California, No. 24-cv-018638.
3. The Clerk of the Court be directed to mail a certified copy of the order of remand to the Clerk of the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

///

///

///

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/phil3378.remand